# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ROBERT W. SMITH,**
**Claimant Below, Petitioner**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**    **No. 18-0601** (BOR Appeal No. 2052296)
                        (Claim No. 2014034019)

**WEST VIRGINIA UNIVERSITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert W. Smith, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is reopening of the claim for temporary total disability benefits. The claims administrator denied the request to reopen the claim on January 31, 2017. The Office of Judges affirmed the decision in its October 12, 2017, Order. The Order was affirmed by the Board of Review on March 29, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith, a night monitor, was injured in the course of his employment on February 10, 2014. The Employee's and Physician's Report of Injury indicates Mr. Smith slipped on ice while making rounds at a dorm. The physician's section was completed by Susan Schmitt, M.D., and the diagnoses were listed as left knee, right shoulder, left wrist, and right ankle sprains. The claim was held compensable for an injury to the right shoulder, left knee, and left ankle on May 23, 2014.

Treatment notes by Tom Ghobrial, M.D., indicate Mr. Smith sought treatment for his left knee. On June 25, 2014, he reported that he slipped on ice at work and hyper flexed his left knee. Mr. Smith stated that he had pain, catching, and locking in his knee. He was given a knee brace

1

and medication. It was noted that Mr. Smith had right knee surgery in 1994. A left knee MRI was noted as showing a large medial meniscal tear and surgery was recommended. A left knee medial meniscus repair was performed on July 24, 2014.

Joseph Grady, M.D., performed an independent medical evaluation on July 21, 2015, in which he noted tenderness in the right shoulder and crepitus in both knees. Dr. Grady diagnosed status post left medial meniscus tear, resolved left wrist sprain, right shoulder pain with rotator cuff tendinitis without a definite tear, and right ankle strain. He found that Mr. Smith had not reached maximum medical improvement and recommended physical therapy for the right shoulder and left ankle.

In a September 2, 2015, treatment note Susan Schmitt, M.D., found that Mr. Smith's left ankle symptoms had increased. A right shoulder MRI showed tendinitis, bursitis, chronic degenerative changes, and mild chondromalacia. Mr. Smith was discharged from physical therapy for the right shoulder due to an increase in symptoms. Dr. Schmidt diagnosed rotator cuff sprain, wrist sprain, ankle pain, and derangement of the medial meniscus. She requested a physical therapy evaluation for the left ankle.

In a November 17, 2015, independent medical evaluation, Dr. Grady noted that Mr. Smith's left knee was stable. His left wrist was unremarkable. Dr. Grady noted significant crepitus in both knees as well as reduced range of motion in the left knee. Dr. Grady found that Mr. Smith had reached maximum medical improvement. He stated that there was no need for any further maintenance care for the compensable injury but Mr. Smith would likely need it for his preexisting degenerative changes, particularly in the left knee. Dr. Grady assessed 2% right shoulder impairment, 1% left ankle impairment, and 4% left knee impairment for a total of 7% whole person impairment.

Mr. Smith followed up with Dr. Ghobrial's office on November 18, 2015, and it was noted that his condition was unchanged. He was diagnosed with left knee osteoarthritis and left knee effusion. A cortisone injection was administered. A left knee x-ray taken that day showed generalized osteoarthritis without evidence of an acute process. Mr. Smith was granted a 7% permanent partial disability award on December 9, 2015.

In a January 6, 2016, record review, James Dauphin, M.D., recommended that a request for Celebrex be denied. Dr. Dauphin noted that Dr. Grady concluded that Mr. Smith needed no further maintenance care. Dr. Dauphin opined that the medication would be to treat preexisting conditions rather than a compensable condition. Dr. Schmitt completed a medical verification form on August 29, 2016, in which she stated that Mr. Smith had generalized osteoarthritis of the hips, knee, and shoulder. She stated that he was unable to work from May 16, 2016, through May 16, 2017. Mr. Smith returned on May 22, 2017, and Dr. Schmitt found that he had osteoarthritis in multiple joints, chronic low back pain, chronic joint pain, degenerative disc disease, and spondylosis. His main problem was lumbar pain that radiated into his knee. Dr. Schmitt found that Mr. Smith's chronic conditions were stable.

The claims administrator denied a reopening of the claim for temporary total disability benefits on January 31, 2017. The Office of Judges affirmed the decision in its October 12, 2017, Order. It found that Mr. Smith made his reopening request on January 11, 2017; however, a claim reopening form was not completed and a specific request to reopen the claim was not submitted to the Office of Judges. As a result, the Office of Judges stated that no medical evidence was submitted specifically stating that an aggravation or progression of the compensable injury had occurred. Mr. Smith argued that Dr. Grady stated in his November 17, 2015, evaluation that he continued to have symptoms. However, the Office of Judges determined that on September 26, 2016, Dr. Grady stated that any symptoms or further treatment that may be needed would be for noncompensable preexisting arthritic conditions. Lastly, the Office of Judges found that though Dr. Schmitt's May 22, 2017, treatment note provided a detailed summary of Mr. Smith's conditions, many of the impairments listed are not compensable, such as osteoarthritis, chronic pain, spondylosis, and degenerative disc disease. Further, Dr. Schmitt offered no opinion as to whether Mr. Smith's temporary total disability is related to compensable or noncompensable conditions. Therefore, while he submitted evidence that he is unable to work, Mr. Smith failed to show that his temporary disability is due to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 29, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-5-3 (2009), in order to reopen a claim, a claimant must make an application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not considered previously that would entitle the claimant to greater benefits than he or she had already received. In this case, Mr. Smith has shown no aggravation or progression of his condition that would entitle him to a reopening of his claim. While he submitted evidence that he is unable to work, there is no indication in the record that his temporary total disability is a result of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison